IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | NO.  3:20-CR-184-K |
| ) | |
| BRANDON WRIGHT ) | |

**MEMORANDUM OPINION AND ORDER**

By electronic order of reference dated January 24, 2022 (doc. 44), before the Court is the defendant's *Defendant's Expedited Motion for Temporary Release to Attend Funeral,* filed January 24, 2022 (doc. 43). Based on the evidence and applicable law, the motion for expedited consideration is **GRANTED**, and the motion for release is **DENIED**.

**I.**

Brandon Wright (Defendant) was initially charged by criminal complaint with attempted child sex trafficking in violation of 18 U.S.C. §§ 1594(a) (1591(a) & (b)(2)). (*See* doc. 1.) He was arrested and made his initial appearance on March 10, 2020.  (*See* doc. 5.) The Government moved to detain him and for a continuance. (*See* doc. 3.) After consulting with counsel, Defendant elected to proceed with a preliminary examination and a detention hearing, and the Court granted a continuance and ordered Defendant detained temporarily.  (*See* doc. 6.) He appeared on March 12, 2020, for detention and probable cause hearings.  (*See* doc. 9.)

The Court found probable cause to believe that he committed the charged offense involving a minor was found, which created a rebuttable presumption under 18 U.S.C. § 3142(e)(3) that there were no condition or combination of conditions of release which would reasonably assure his appearance as required and the safety of the community. (*See* doc. 11.)  It also found that even if the presumption had been rebutted, the Government had met its burden to establish by clear and

convincing evidence that there was no condition or combination of conditions of release that could be set which would reasonably assure the safety of the community. (*Id.*) In support, it noted Defendant's extensive criminal history, including convictions for assault and battery, possession of controlled substances, and possession of weapons, and the circumstances of the offense, i.e., he recruited what he thought was a 17-year-old girl online to engage in prostitution and traveled across state lines to pick her up. (*Id.*)

Defendant was indicted on May 6, 2020, for attempted child sex trafficking in violation of 18 U.S.C. §§ 1594(a) (1591(a)(1) & (b)(2)). (*See* doc. 14.) On December 7, 2021, he entered a plea of guilty to a superseding felony information charging him with attempted transportation with intent that individual engage in prostitution in violation of 18 U.S.C. § 2421(a). (*See* docs. 31-33, 35, 38.) It was recommended that the plea be accepted, the recommendation was accepted, and he was adjudged guilty of that offense on December 22, 2021. (*See* docs. 40, 42.)  The statutory maximum for the offense of which he has been convicted is ten years.  (*See* doc. 141.)

Defendant now seeks temporary release in the custody of his child's mother and his mother so that he may attend his father's funeral in Oklahoma on January 28, 2022.  (*See* doc. 43.)  It does not address whether he is not a flight risk or danger to the community. (*See id.*)  The motion is opposed by the government.

**II.**

Defendant's motion does not cite a basis for temporary release.

Section 3142(i) of Title 18 expressly provides for temporary release of detained defendants awaiting trial.  Some courts have permitted temporary release of convicted persons awaiting sentencing under this section.  *See United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at

\*3 (E.D. Mich. Mar. 27, 2020) (stating that § 3142(i) applied despite the fact that the defendant had pled guilty and was awaiting sentencing instead of trial because the provision specifically permitted temporary release by subsequent order).  This court, however, has found that § 3142(i) does not apply to detained defendants who have already been convicted and are awaiting sentencing because it relates to release or detention pending trial, while § 3143 relates to release or detention pending sentencing.  *See United States v. Morris*, 452 F. Supp.3d 484, 487 (N.D. Tex. 2020).

Section 3143(a) of Title 18 reflects a presumption in favor of detention that attaches to a convicted person such as Defendant.  *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016).  Section 3143(a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).  The burden of establishing by clear and convincing evidence that he is not a flight risk or a danger community under § 3143(a)(1) falls on the defendant seeking release.  Fed. R. Civ. P. 46(c).  Unlike § 3142(i), § 3143(a)(1) does not specifically provide for temporary release of a convicted person who has been ordered detained pending sentencing.

Some courts outside this circuit have found that § 3145(c) permits temporary release of detained convicted persons awaiting sentencing.  *See United States v. Delacruz,* No. 3:17-CR-201, 2020 WL 3475218, at \*3 (M.D. Pa. June 25, 2020) (citing *United States v. Williams*, 903 F. Supp. 2d 292, 298–302 (M.D. Pa. 2012), for the proposition that a district court possesses discretion to consider temporary release pending sentencing under § 3145(c)); *United States v. Morris*, No. 3:18-

3

CR-6-TWP-DCP, 2018 WL 6493640, at *2 (E.D. Tenn. Dec. 10, 2018) (finding exceptional reasons under § 3145(c) for a three-day temporary release of defendant detained pending sentencing under §3143(a)(2), who also met requirements under 3143(a)(1), to attend the funeral of his six-year-old son, also considering his minimal criminal history and the availability of a third party custodian and GPS monitoring during release); *United States v. Goss*, No. 1:14-cr-00141-JAW, 2015 WL 5920267, at *2 (D. Me. Oct. 9, 2015) (assuming based on an unpublished First Circuit case that it had the authority under § 3145(c) to order the defendant's temporary release). It provides that a person subject to mandatory detention under § 3143(a)(2) may be ordered released if the person meets the conditions of release in § 3143(a)(1) and it is clearly shown that there are exceptional reasons why the person's detention would not be appropriate. *See* 18 U.S.C. § 3145(c); *see also U.S. v. Rothenbach*, 170 F.3d 183 (5th Cir. 1999) (*per curiam*).[1] Section 3143(a)(2) mandates the detention of persons who have been found guilty of certain offenses and who are awaiting imposition or execution of sentence, except in certain limited circumstances.[2] By its plain language, however, §

---

[1] In *U.S. v. Carr*, 947 F.2d 1239, 1240-41 (5th Cir. 1991), the Fifth Circuit explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions". This provision therefore also applies to the initial determination of whether detention is mandatory under § 3143(a)(2) despite its inclusion in a section generally covering appeals.

[2] Section 3143(a)(2) provides:

**(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--

**(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

**(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

**(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

3145(c) applies to persons subject to mandatory detention under § 3143(a)(2) pending sentencing. The offense of which Defendant has now been convicted does not fall within the ambit of § 3142(f)(1)(A),(B), or (C), so § 3145(c) does not apply in this case.

In *United States v. Ma*, No. 3:21-CR-432-M, 2022 WL 94165, at * 3 (N.D. Tex. Jan. 10, 2022), the court noted what appeared to be an absence of authority specifically addressing whether § 3143(a)(1) allows for temporary release. It considered the out-of-circuit cases finding that even convicted persons subject to mandatory detention based on the offense of conviction could be temporarily released under § 3145(c). *See id*. It also noted that even persons serving a sentence of imprisonment in the Bureau of Prisons (BOP) could be released on a temporary basis under 18 U.S.C. § 3622.[3] *See id*. In light of the inconsistency of allowing temporary release of a person who was serving a sentence of imprisonment, or one who was subject to mandatory detention pending sentencing based on the offense of conviction, but not allowing pretrial release of a detained person who was eligible for pre-sentencing release, the court found that § 3143(a)(1) authorized temporary release upon the required showing by clear and convincing evidence that the person did not pose a flight risk or danger to any other person or the community if released on a temporary basis. *See id*. at *3-4.

Here, Defendant has not made the required showing under § 3143(a)(1) that he would not pose a flight risk or a danger to any person or the community if released to attend his father's funeral

---

18 U.S.C. § 3143(a)(2).

[3]Section 3622 provides that BOP may release a prisoner "for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him." One of the enumerated reasons for allowing release includes attending the funeral of a relative. 18 U.S.C. § 3622(a)(2).

in a neighboring state. His mere allegation that he could be released to the custody of his child's mother or his mother does not rise to the level of clear and convincing evidence. The Court has already been found that the Government met its burden to establish by clear and convincing evidence that there are no condition or combination of conditions of release that could be set which would reasonably assure the safety of the community based on his extensive criminal and the circumstances of the offense, and he has provided nothing to overcome that prior finding. He has not provided any detail regarding where he would stay while on temporary release. There is no evidence in the record of his ties to the community. Based on the offense of conviction, he is facing a maximum sentence of ten years. Although the Court is sympathetic to his desire to attend his father's funeral, it cannot find that Defendant has made the required legal showing for temporary release under these circumstances.

### III.

Defendant's motion for temporary release is **DENIED**.

Signed this 25th day of January, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6