IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | NO. 3:20-CR-184-K |
| ) | |
| BRANDON WRIGHT ) | |

### MEMORANDUM OPINION AND ORDER

By electronic order of reference dated January 27, 2022 (doc. 47), before the Court is the *Defendant's Expedited Amended Motion for Temporary Release to Attend Funeral,* filed January 24, 2022 (doc. 46). Based on the evidence and applicable law, the motion for expedited consideration is **GRANTED**, and the motion for release is **DENIED**.

### I.

Brandon Wright (Defendant) was initially charged by criminal complaint with attempted child sex trafficking in violation of 18 U.S.C. §§ 1594(a) (1591(a) & (b)(2)). (*See* doc. 1.) He was arrested and made his initial appearance on March 10, 2020. (*See* doc. 5.) The Government moved to detain him and for a continuance. (*See* doc. 3.) After consulting with counsel, Defendant elected to proceed with a preliminary examination and a detention hearing, and the Court granted a continuance and ordered Defendant detained temporarily. (*See* doc. 6.) He appeared on March 12, 2020, for detention and probable cause hearings. (*See* doc. 9.)

The Court found probable cause to believe that he committed the charged offense involving a minor was found, which created a rebuttable presumption under 18 U.S.C. § 3142(e)(3) that there were no condition or combination of conditions of release which would reasonably assure his appearance as required and the safety of the community. (*See* doc. 11.) It also found that even if the presumption had been rebutted, the Government had met its burden to establish by clear and

convincing evidence that there was no condition or combination of conditions of release that could be set which would reasonably assure the safety of the community. (*Id.*) In support, it noted Defendant's extensive criminal history, including convictions for assault and battery, possession of controlled substances, and possession of weapons, and the circumstances of the offense, i.e., he recruited what he thought was a 17-year-old girl online to engage in prostitution and traveled across state lines to pick her up. (*Id.*)

Defendant was indicted on May 6, 2020, for attempted child sex trafficking in violation of 18 U.S.C. §§ 1594(a) (1591(a)(1) & (b)(2)). (*See* doc. 14.) On December 7, 2021, he entered a plea of guilty to a superseding felony information charging him with attempted transportation with intent that individual engage in prostitution in violation of 18 U.S.C. § 2421(a). (*See* docs. 31-33, 35, 38.) It was recommended that the plea be accepted, the recommendation was accepted, and he was adjudged guilty of that offense on December 22, 2021. (*See* docs. 40, 42.) The statutory maximum for the offense of which he has been convicted is ten years. (*See* doc. 141.)

By motion filed on January 24, 2022, Defendant sought temporary release "for a little over 24 hours" in the custody of his child's mother and his mother so that he might attend his father's funeral in Oklahoma on January 28, 2022. (*See* doc. 43.) Finding that the applicable standard was set out in 18 U.S.C. § 3143(a)(1), and that the opposed motion did not address whether Defendant was a flight risk or danger to the community, the court denied the motion. (*See* doc. 45.) Defendant again seeks temporary release and now provides a notarized statement signed by his child's mother and his mother, which provides more specific details regarding the funeral arrangements and where Defendant would stay during his proposed release. (*See* doc. 46.) The motion also reflects admonishments to him by his attorney regarding the potential consequences of not complying with

any conditions of temporary release.  (*See id.*)  The current motion is also opposed by the government.  (*See id.*)

## II.

Defendant's amended motion cites 18 U.S.C. § 3143(a)(1) a basis for temporary release.

Section 3143(a) of Title 18 reflects a presumption in favor of detention that attaches to a convicted person such as Defendant.  *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016).  Section 3143(a)(1) states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).  The burden of establishing by clear and convincing evidence that he is not a flight risk or a danger community under § 3143(a)(1) falls on the defendant seeking release.  Fed. R. Civ. P. 46(c).  Section 3143(a)(1) does not specifically provide for temporary release of a convicted person who has been ordered detained pending sentencing.

In *United States v. Ma*, No. 3:21-CR-432-M, 2022 WL 94165, at * 3 (N.D. Tex. Jan. 10, 2022), the court noted what appeared to be an absence of authority specifically addressing whether § 3143(a)(1) allows for temporary release.  It considered the out-of-circuit cases finding that even convicted persons subject to mandatory detention based on the offense of conviction could be temporarily released under § 3145(c).  *See id*. It also noted that even persons serving a sentence of imprisonment in the Bureau of Prisons (BOP) could be released on a temporary basis under 18

3

U.S.C. § 3622.[1] *See id*. In light of the inconsistency of allowing temporary release of a person who was serving a sentence of imprisonment, or one who was subject to mandatory detention pending sentencing based on the offense of conviction, but not allowing pretrial release of a detained person who was eligible for pre-sentencing release, the court found that § 3143(a)(1) authorized temporary release upon the required showing by clear and convincing evidence that the person did not pose a flight risk or danger to any other person or the community if released on a temporary basis. *See id*. at *3-4.

Here, Defendant has still not made the required showing under § 3143(a)(1) that he would not pose a flight risk or a danger to any person or the community if released to attend his father's funeral in a neighboring state. Although the notarized statement of his child's mother and his mother provides more detail regarding the funeral arrangements and where Defendant would stay, the unsworn statement about their general plans does not rise to the level of clear and convincing evidence. The timing of the statement by witnesses does not allow for a hearing regarding their suitability to serve as third party custodians, for clarification about the timing of his return given the planned events and the distance between the funeral events and the facility where he is being detained, and for determination of what other conditions should and can be imposed for his temporary release. As noted in the order regarding the prior motion, it has already been found that the Government met its burden to establish by clear and convincing evidence that there are no condition or combination of conditions of release that could be set which would reasonably assure

---

[1] Section 3622 provides that BOP may release a prisoner "for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him." One of the enumerated reasons for allowing release includes attending the funeral of a relative. 18 U.S.C. § 3622(a)(2).

the safety of the community based on his extensive criminal and the circumstances of the offense, and he has provided nothing to overcome that prior finding. Based on the offense of conviction, he is facing a maximum sentence of ten years. Although the Court is sympathetic to his and his family's desire for him to attend his father's funeral, it cannot find that Defendant has now made the required legal showing for temporary release under these circumstances.

## III.

Defendant's amended motion for temporary release is **DENIED**.

Signed this 27th day of January, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE